UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> DEL LABORATORIES, INC. COTY US LLC, and COTY INC., <br><br> Defendants. | Civil Action No. 09-CV-01001 |

## DECLARATION OF LISA PEARSON
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

I, Lisa Pearson, hereby declare as follows:

1. I am a partner in the law firm of Kilpatrick Stockton LLP, attorneys for Defendants Del Laboratories, Inc., Coty US LLC, and Coty Inc. (collectively "Coty") in this action. I submit this declaration in support of Defendants' Motion To Dismiss Or, In The Alternative, For Summary Judgment, based upon my own personal knowledge, to summarize the procedural history of this action.

2. Telebrands Corp. ("Telebrands") commenced this action on February 4, 2009 by filing a complaint against Del Laboratories, Inc. ("Del") for trade dress infringement of its PED EGG product configuration and packaging under Section 43(a) of the Lanham Act and state statutory and common law (Dkt. No. 1). Telebrands' current counsel, Cooper & Dunham LLP, represented it at that time. (As set forth in Coty's Rule 7.1 Statement, Del is no longer a separate corporate entity; its operations have been merged with Coty US LLC (Dkt. No. 23)).

3. Before Del filed a responsive pleading, Telebrands retained new counsel Kazowitz, Benson, Torres & Friedman LLP and superseded its original complaint by

filing a First Amended Complaint on February 26, 2009, naming Coty US LLC and Coty Inc. as additional defendants and asserting additional claims for trademark infringement under Section 32(1) of the Lanham Act based upon a federal registration for the PED EGG logo mark (the "Logo Mark"), and federal and state law dilution claims (Dkt. No. 3).

4. It turned out that, before serving its Amended Complaint and without advising Coty, Telebrands had contacted Chambers and scheduled a court conference for 10:30 a.m. on February 27, 2009 on a Motion for A Temporary Restraining Order and Preliminary Injunction. It then waited until 10:30 p.m. on February 26 to provide Coty with the Amended Complaint, despite prior discussions with Coty's in-house counsel, Joseph Conklin, concerning an extension of time for Del to answer the original complaint.

5. Coty first received Telebrands' papers in support of the PI Motion the morning of the hearing. Telebrands served a set of the papers on Mr. Conklin and then e-mailed copies (without supporting exhibits) to me at 9:15 a.m. on February 27, 2009 before I left my office for Court.

6. As reflected in the transcript of the TRO hearing, we argued that the trade dress at issue was not confusingly similar and Telebrands was seeking to misuse the trademark laws to stifle legitimate competition and obtain a perpetual monopoly over the functional ovoid shape of its product (Dkt. No. 11, Tr. at 13-16). Coty pointed out that Telebrands' own PED EGG packaging touted the ergonomic design of its product and also contained the legend "Patents Pending" (Dkt. No. 11, Tr. at 16). We requested disclosure of the pending patent applications, because statements in those applications might well be probative on the issue of functionality, which could provide a complete defense to Telebrands' trade dress claims (Dkt.

2

No. 11, Tr. at 27-28). Telebrands agreed in open Court to provide those patents (Dkt. No. 11, Tr. at 28). The Court denied Telebrands' motion for a TRO from the bench.

7.  Following the conference, Telebrands produced the requested patent applications on March 2, 2009 and March 4, 2009 on an attorney's eyes only basis. The most pertinent utility patent application (Application No. 12/074,603) has now been published and is a matter of public record on the U.S. Patent and Trademark Office's website www.uspto.gov (publication No. 2009/0071491). A copy of Application U.S. Serial No. 12/074,603 is annexed as Exhibit 27 to the Declaration of Amr Aly, submitted herewith. Paragraph 13 of that application states: "the ovoid shape" of the PED EGG is "an ergonomic design to increase comfort and prevent fatigue in the user's hand while the device is being used."

8.  By letter to the Court dated March 6, 2009, Telebrands withdrew its PI motion for a preliminary injunction (Dkt. No. 9). Mr. Toren explained that he was not previously aware of the pending patent application discussed above.

9.  Coty then turned from preparing its opposition papers to preparing a motion to dismiss the First Amended Complaint. The parties stipulated to extend Coty's deadline to move or answer while their principals engaged in settlement negotiations. During those negotiations, I repeatedly advised Telebrands' counsel Peter Toren that the First Amended Complaint was subject to dismissal and laid out the grounds, including Telebrands' failure to plead the non-functionality of its alleged trade dress, a point we also made at the TRO hearing (Dkt. No. 11, Tr. at 14-15). I also explained that we were aware Telebrands had previously filed another action alleging both copyright and trademark infringement claims predicated on the packaging of the PED EGG (*Telebrands Corp. et al. v. New Wealth, Inc.*, No. 08-61176 (S.D. Fla.)). A copy of that complaint, in which Telebrands was represented by its original and current counsel in this

action, Cooper & Dunham LLP, is annexed as Exhibit 1. I pointed out that Telebrands' failure to assert a copyright claim here was effectively a concession that the packaging of the parties' products was not substantially similar, and that we would be seeking dismissal of its packaging trade dress infringement claims on this basis.

10. On June 18, 2009, in a telephone conversation, Mr. Ziven, who was not at that time counsel of record for Telebrands in this case, requested Coty's consent for Telebrands to file a Second Amended Complaint, asserting new claims for trademark infringement of a newly issued trademark registration for the design of the Ped Egg product under Section 32(1) of the Lanham Act as well as a claim for federal copyright infringement. This third complaint omitted the claims for infringement of the Logo Mark and the dilution claims asserted in Telebrands' first amended complaint.

11. On June 23, 2009, Mr. Toren's firm formally withdrew as counsel and Norman Ziven of Cooper & Dunham LLP, Telebrands' original counsel, was substituted back in (Dkt. No. 15). I spoke to Mr. Ziven and advised him of the above grounds for a motion to dismiss.

12. Rather than requiring Telebrands to file a motion for leave to file its Second Amended Complaint, Coty consented to the amendment subject to certain conditions set forth in a Stipulation dated June 24, 2009, which was so ordered by the Court on July 1, 2009 (Dkt. No. 19). Coty then started to prepare a motion to dismiss the Second Amended Complaint.

13. On July 22, 2009, Telebrands requested Coty's consent to the filing of yet a Third Amended Complaint, asserting a new claim for design patent infringement based upon a newly issued design patent. Because this was Telebrands' fourth bite at the apple, and Coty had already expended substantial time and money addressing Telebrands' aborted PI motion and its prior complaints, it agreed only if Telebrands would rest on this pleading. Accordingly, the parties

4

entered another stipulation, dated July 30, 2009 and so ordered by the Court on August 7, 2009 (Dkt. No. 21), pursuant to which Telebrands expressly waived its right to "assert any additional claims, or seek to file any additional amended complaint, for trademark, trade dress, copyright or patent infringement, dilution or unfair competition against Defendants for the acts alleged in the Complaint, First Amended Complaint, Second Amended Complaint or Third Amended Complaint in this action. However, Plaintiff reserves the right to seek to assert an additional claim or to file an Amended Complaint alleging patent infringement by Defendants should they obtain a utility patent and a claim for infringement of that patent accrues in the future."

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on September 29, 2009 in New York, New York.

_____
Lisa Pearson

US2008 592261.4